UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

WALTER HOWARD MULFORD,

                Petitioner,                           Case No. 8:16-cv-2238-T-24 AAS

v.

UNITED STATES OF AMERICA,

                Respondent.

_____/

O R D E R

Before the Court is Petitioner's Unopposed Motion to Stay 28 U.S.C. § 2255 Proceedings. (Dkt. 8).  Petitioner seeks to stay his 28 U.S.C. § 2255 proceeding pending the United States Supreme Court's decision in *Beckles v. United States*, 136 S. Ct. 2510 (2016). The Motion is Denied.

Petitioner seeks to vacate his sentence based on *Johnson v. United States,* 135 S.Ct. 2551 (2015), which was held to be retroactive on collateral review in *Welch v. United States*, 578 U.S. ___, 136 S. Ct. 1257, 194 L.Ed.2d 387 (2016). *Johnson* held that the "residual clause" of the Armed Career Criminal Act ("ACCA"), *see* 18 U.S.C. § 924(e)(2)(B)(ii), is unconstitutional.

The Eleventh Circuit held in *United States v. Machete*, 802 F.3d 1185, 1193-96 (11th Cir. 2015), that the vagueness doctrine upon which the Supreme Court invalidated the ACCA's residual clause in *Johnson* does not similarly apply to the advisory Sentencing Guidelines.  *See also In re Griffin*, 823 F.3d 1350, 1353-54 (11th Cir. 2016).   *Welch* did not make *Johnson* retroactive for purposes of raising a guidelines challenge just because it happened to be based on the residual clause.

*Beckles* does not abrogate the Eleventh Circuit's prior holding in *Machete* because "grants of certiorari do not themselves change the law" and "must not be used by courts" as a basis for relief that would otherwise be denied.  *See Schwab v. Sec'y Dep't of Corrections,* 507 F.3d 1297, 1298 (11th Cir. 2007).

Accordingly, Petitioner's motion to stay is DENIED.

ORDERED at Tampa, Florida, on November 17, 2016.

SUSAN C. BUCKLEW
United States District Judge

Copies to: Counsel of Record